IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES D. KIR, | ) | |
| | ) | |
| Petitioner, | ) | 8:05CV360 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON and | ) | ORDER ON INITIAL REVIEW |
| ALBERTO GONZALEZ, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the Court for initial review of the Petition for Writ of Habeas Corpus (Filing No. 1), filed pursuant to 28 U.S.C. § 2241 by the pro se petitioner, James D. Kir. Also before the Court are the petitioner's motion for leave to proceed in forma pauperis (Filing No. 2), and his motion for appointment of counsel (Filing No. 3).

The petitioner states that he is presently in the custody of the Nebraska Department of Correctional Services ("DCS"), and that a detainer has been lodged against him by the U.S. Immigration and Naturalization Service, in violation of his constitutional and federal statutory rights. The detainer has been issued pursuant to an Order of Removal which the petitioner challenges as in conflict with the asylum previously granted to him by an Immigration Judge and with the decision by the United States Supreme Court in *Leocal v. Ashcroft*, 125 S. Ct. 377 (2004).

The Court's first concern is jurisdictional.  Under the Real ID Act of 2005, enacted as Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No. 109-13, the federal courts of appeals have exclusive jurisdiction to review all administratively final orders of removal, deportation and exclusion, and any challenges to orders of removal, deportation or exclusion pending in the district courts are to be transferred to the appropriate court of appeals.  Whether the Real ID Act applies to this case is a matter on which the respondent should be heard.

A writ of habeas corpus must "be directed to the person having custody of the person detained."  28 U.S.C. § 2243.  However, there is a split of authority as to who is the custodian of an INS detainee and thus, the proper habeas respondent.  *See, e.g., Chavez-Rivas v. Olsen*, 194 F. Supp.2d 368 (D. N.J. 2002); *Roman v. Ashcroft*, 162 F. Supp.2d 755 (N.D. Ohio 2001), holding that the Attorney General of the United States should be considered the custodian of an INS detainee.  *But see Vasquez v. Reno*, 233 F.3d 688 (1st Cir. 2000), *cert. denied*, 534 U.S. 816 (2001) (the proper custodian for purposes of habeas review under 28 U.S.C. § 2241 is not the U.S. Attorney General but is instead the warden of the facility where the detainee is held).  The petitioner is located at the Nebraska State Penitentiary ("NSP"),

-2-

a facility within the DCS. Robert Houston is the Director of DCS.

In this case, it appears from the record that the proper party to respond is the United States of America, acting through the Attorney General of the United States, the United States Bureau of Immigration and Customs Enforcement ("BICE"), the United States Department of Homeland Security, and the United States Attorney for the District of Nebraska. However, a copy of the § 2241 petition shall also be served on Robert Houston and on Michael Kenney, Warden of the NSP. Accordingly,

IT IS ORDERED:

1) That petitioner's motion for leave to proceed in forma pauperis is granted;

2 That the Clerk of Court shall mail copies of the § 2241 petition and this Order to the Attorney General of the United States, the Assistant Secretary of the United States Bureau of Immigration and Customs Enforcement, and the Secretary of the United States Department of Homeland Security, all in care of Michael G. Heavican, the United States Attorney for the District of Nebraska;

3) That the Clerk of Court shall also mail copies of the § 2241 petition and this Order to Robert Houston, Director of DCS, and Michael Kenney, Warden of NSP;

4)   That by August 30, 2005, the United States shall address whether the Real ID Act of 2005 requires the transfer of this case to the Eighth Circuit Court of Appeals; and

5)   That petitioner's motion for appointment of counsel is denied at this time, but the motion may be reconsidered at a later date by this court, or, if the case is transferred to the Eighth Circuit, the petitioner may reassert the motion to the Court of Appeals.

DATED this 28th day of July, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
UNITED STATES DISTRICT COURT