IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES D. KIR, | ) | |
| | ) | |
| Petitioner, | ) | 8:05CV360 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON and | ) | MEMORANDUM OPINION |
| ALBERTO GONZALEZ, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the Court after initial review (Filing No. 6) of the Petition for Writ of Habeas Corpus filed by James D. Kir pursuant to 28 U.S.C. § 2241, which challenges an Immigration and Naturalization Service ("INS") Order of Removal.[1] The Court directed the United States to address whether the petitioner's challenge required the transfer of this case to the Eighth Circuit Court of Appeals pursuant to the Real ID Act of 2005.[2]

---

[1] The petitioner states that he is presently in the custody of the Nebraska Department of Correctional Services, and that a detainer has been lodged against him by the U.S. Immigration and Naturalization Service, in violation of his constitutional and federal statutory rights. The detainer has been issued pursuant to an Order of Removal which the petitioner challenges as in conflict with the asylum previously granted to him by an Immigration Judge and with the decision by the United States Supreme Court in *Leocal v. Ashcroft*, 125 S. Ct. 377 (2004).

[2] Under the Real ID Act of 2005, enacted as Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No. 109-13, the federal courts of appeals have exclusive jurisdiction to review all administratively final orders of removal, deportation and exclusion, and any challenges to orders of removal, deportation or exclusion pending in the district courts are to be transferred to the appropriate court of appeals.

The respondent instead moved to dismiss the § 2241 petition because the case has become moot (Filing No. 9).  The Order of Removal challenged by the petitioner has been rescinded, as has the detainer lodged against the petitioner with the Nebraska Department of Correctional Services.  Because there currently exists no Order of Removal under attack, the § 2241 petition and the jurisdictional issue are moot.  The petitioner has not objected to the respondent's Motion to Dismiss.  The motion will be granted and the Petition for Writ of Habeas Corpus will be dismissed.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 22nd day of September, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
UNITED STATES DISTRICT COURT